# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| SCOTTY LEE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cv-372 |
| ) | (Phillips/Guyton) |
| LOWE'S HOME CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to remand to state court [Doc. 6]. Plaintiff argues that defendant previously engaged in substantial defensive action in state court and that defendant failed to remove the cause of action within thirty days of its original filing.

On June 20, 2006, plaintiff commenced an action in the Circuit Court of Knox County, Tennessee. In that proceeding, defendant did not remove to federal court within thirty days of being served. On November 11, 2006, plaintiff filed a notice of voluntary nonsuit without prejudice. On September 10, 2007, the cause of action was refiled in the Circuit Court for Knox County, Tennessee. Plaintiff now argues that because these cases are one and the same, defendant waived its right to removal by vigorously defending the prior suit and failing to remove within thirty days of service.

Plaintiff, however, is mistaken as to the nature of a voluntary nonsuit. "A nonsuit is a procedural step, equivalent to a dismissal, that terminates the pending litigation but that leaves the issues of the cause undecided." 75A Am. Jur. 2d *Trial* § 737 (2006).

Though plaintiff was allowed to refile because the nonsuit was without prejudice, the prior litigation was terminated. As the Supreme Court has stated,

> [A] judgment of dismissal ... is a final judgment. That it leaves the merits undetermined and may not be a bar to another action does not make it interlocutory. It effectually terminates the particular case, prevents the plaintiff from further prosecuting the same and relieves the defendant from putting in a defense.

*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 96 (1921) (discussing finality of judgment of dismissal for purposes of appellate review). Upon refiling, plaintiff effectively had to start from square one: plaintiff filed a new complaint, plaintiff again served defendant with process, and defendant filed a new answer. Accordingly, the court finds that plaintiff's refiled cause of action, though it stems from the same events and theories of recovery, is a new suit for procedural purposes.

Plaintiff filed the instant suit on September 10, 2007. This is the initial pleading to which 28 U.S.C. § 1446(b) refers. Defendant was served a copy of the complaint on September 18, 2007 and sought removal to this court on September 25, 2007. Because defendant timely removed an action over which the federal court had original jurisdiction, 28 U.S.C. §§ 1441(a)-(b), 1446(b) (2006), plaintiff's motion to remand to state court [Doc. 18] is **DENIED.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge