UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SCOTTY LEE THOMAS, )<br>)<br>Plaintiff, )<br>) | |
| ) | No. 3:07-CV-372 |
| ) | (PHILLIPS/GUYTON) |
| V. )<br>) | |
| LOWE'S HOME CENTERS, )<br>) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Judge [Doc. 59] referring Plaintiff's Motion for Default Judgment for Discovery Abuse [Doc. 43] to this Court for report and recommendation.

**I. BACKGROUND**

The Plaintiff alleges that he worked as an employee of Merchandising Solutions Group, Inc., ("MSG"), a nationwide merchandising firm that contracts with Defendant Lowe's Home Centers, Inc., ("Lowe's"). [Doc. 8 at ¶ 7]. The Plaintiff alleges that he was performing work for MSG at the Lowe's store located at 6600 Clinton Highway, Knoxville, Tennessee, on June 21, 2005, when a stack of sheet metal fell on top of him, striking his head, shoulder, and back. [Doc. 8 at ¶¶ 9-11]. As a result of this incident, the Plaintiff alleges that he has suffered physiological and psychological injuries, including brain damage. [Doc. 8 at ¶ 11].

The Plaintiff brought suit in state court seeking recovery for his pain, suffering, lost earning capacity, and lost wages. [Doc. 1-1]. The Plaintiff's suit was removed to this Court on September

25, 2007.

On June 6, 2009, the Plaintiff filed a Motion to Have Requests for Admission Deemed Admitted [Doc. 15], and on June 26, 2009, the Plaintiff filed a Motion to Compel Defendant to Respond to Discovery [Doc. 20]. The Court held two hearings in August and September 2009, to address these motions and discovery issues in this case. In the first of these hearings, the Court ordered that the Defendant supplement its discovery responses before the parties reconvened. [Doc. 24]. The Court held a second hearing on the issue on September 3, 2009. [Doc. 27].

Following the second hearing, the Court entered an Order [Doc. 29], which denied the Motion to Have Requests for Admission Deemed Admitted because the Defendant had modified its answers following the first hearing. The Order [Doc. 29], however, granted the Plaintiff's Motion to Compel [Doc. 20], and instructed, *inter alia*, that "the Defendant must produce all documents relating to the alleged incident that occurred June 21, 2005, without exception," [Doc. 29 at 5 (emphasis in original)], and that "[t]o the extent they exist, the Defendant must produce reports, accounts, or documentation relating to any in-store accident that occurred between June 21, 2003, and June 21, 2005, on or before October 23, 2009," [Doc. 29 at 6].[1] The Court further warned, "Failure to comply with the above instructions may be treated as contempt of court, and may result in further just orders designating facts as established, striking pleadings, dismissing this action, or invoking any of the other remedies afforded under Rule 37(b) of the Federal Rules of Civil

---

[1] In its initial responses to the Plaintiff's First Set of Interrogatories and Requests for Production of Documents, the Defendant claimed that it had no knowledge regarding where the incident alleged in this suit had occurred, and therefore, it could not respond to discovery. In support of this position, the Defendant cited the fact that the Plaintiff had supplied only a store address in his filings. [Doc. 44-3]. In the cover letter attached to the Defendant's responses, however, counsel conceded that the store number had been provided to him and that the answers would be supplemented. [Doc. 44-4].

Procedure." [Doc. 29 at 7].

In April 2010, the Plaintiff filed the instant motion requesting that a default judgment be entered against the Defendant, or in the alternative, the Plaintiff be awarded fees or costs. [Doc. 43]. The District Judge held the motion in abeyance until December 1, 2010, to allow the parties to mediate [Doc. 56], and it was referred to the undersigned following expiration of the period of abeyance, [see Doc. 59].

The Defendant has responded in opposition [Doc. 52], and the Plaintiff has made a final reply [Doc. 54]. Both parties have also filed supplemental briefs regarding the status of this motion [Doc.s 68, 71, and 72].

The Court heard oral arguments on the Motion for Default on January 13, 2011.

The Court finds the Motion for Default is now ripe for adjudication, and for the reasons more fully stated below, the Court finds that it is well-taken in part. Accordingly, the Court **RECOMMENDS** that it be **GRANTED IN PART** and **DENIED IN PART**.

## II. POSITIONS OF THE PARTIES

The Plaintiff argues that the Defendant has been egregious in its efforts to forestall discovery in this matter. The Plaintiff maintains that the Defendant has delayed complying with its discovery obligations throughout this suit and has ignored the Court's order that it produce its evidence forthwith. The Plaintiff contends that the Defendant's conduct is so severe that only entry of a default judgment under Rule 37 will deter others from engaging in such obstruction. In the alternative, Plaintiff seeks an award of monetary sanctions, including fees and costs. [Doc. 44].

The Defendant responds that the Plaintiff's allegations are without merit because in each instance where the Plaintiff has requested documents, the Defendant has supplied documents, stated its inability to produce the documents, or listed a valid objection. The Defendant maintains that where documents do not exist it has, nonetheless, made a reasonable search to find the document. Further, the Defendant contends that all documents have been timely turned over to the Plaintiff, and the Defendant has complied with the Court's instructions. [Doc. 52].

### III.     ANALYSIS

Rule 37 of the Federal Rules of Civil Procedure empowers a court to, *inter alia*, dismiss a proceeding in whole or in part, render a default judgment against a disobedient party, establish facts for the purposes of the action, or order reasonable costs, expenses, and attorneys' fees against a disobedient party, when a party fails to obey a discovery order, disclose information, supplement answers, or admit a matter that is later proven to be true. See Fed. R. Civ. P. 37(b)-(c); see also United States v. Conces, 507 F.3d 1028, 1042-44 (6th Cir. 2007) (finding contempt of court sanction appropriate where defendant made "inconsistent statements regarding his ability to answer . . . interrogatories and provide the requested documentation, and where he generally offered frivolous objections and semantic quibbles in lieu of cogent argument and evidence as to the steps he had taken to comply with the court's instructions and the impediments to any further compliance"); CSX Transp., Inc v. May, 1990 WL 197834, *2-3 (6th Cir. Dec. 7, 1990) (upholding entry of default judgment where defendants did not respond to discovery and later made evasive responses).

The Court of Appeals for the Sixth Circuit has outlined factors to be considered in reviewing the imposition of sanctions including:

> (1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir. 1988).

### A.  Failure to Identify and Disclose Mary Ann Sonner

In this case, the Defendant did not comply with its discovery obligations. Rule 26(a)(1)(A) directs that the Defendant must produce the name and other contact information of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." The Defendant did not initially identify Mary Ann Sonner as a potential witness. At the time of the incident, Ms. Sonner was the human resources manager for the Defendant, and apparently, she was on-site at the store in question. She made an appointment for the Plaintiff at an occupational health clinic on the day the accident occurred. [Doc. 68-1 at 4, 9]. The Defendant should have disclosed Ms. Sonner as part of its initial disclosures under Rule 26 and did not do so.

The Defendant should have remedied its failure to disclose Ms. Sooner by disclosing her in response to the Plaintiff's interrogatories. Numerous interrogatories made inquiries that should have yielded Ms. Sonner's name and contact information.[2] The Defendant did not initially respond to the

---

[2] Interrogatory No. 6 requested that the Defendant describe "any conversations any representative of yours of any kind has had with the Plaintiff prior to or following the incident in question," [Doc. 20 at 24]; Interrogatory No. 8 requested that the Defendant "[i]dentify all persons with knowledge pertaining to the subject matter of this lawsuit," [Doc. 20 at 24]; Interrogatory No. 17 requested that the Defendant "[s]tate the substance of any such conversations or statement of you, your agents, servants, workers

Plaintiff's written discovery by providing with Ms. Sonner's name or information. Instead, the Defendant maintained that no persons with knowledge existed. On September 18, 2009, the Defendant filed a notice stating that it had given the Plaintiff a list of employees and their job titles on the date of the incident. [Doc. 28]. On October 8, 2009, the Court ordered that the Defendant supplement this list by providing the contact information for the employees it had identified. [Doc. 29 at 5].

The Plaintiff maintains that Ms. Sonner was disclosed only after the Court granted the Plaintiff's Motion to Compel, and then, her name was only disclosed as one among hundreds of other employees listed by the Defendant. [Doc. 68 at 2]. The Defendant does little to dispute this characterization and instead states that "the first reference that the defendant had in this case that Ms. Sonner's name was attached to any document was when then counsel for the plaintiff produced documents that he subpoenaed from the Health Care facility where plaintiff first sought medical treatment." [Doc. 71 at 2]. The Plaintiff agrees that Ms. Sonner's role was revealed when the Plaintiff's counsel subpoenaed records from the health care center.

Thus, despite numerous and overlapping discovery obligations and requests, no one from the Defendant corporation ever talked to Ms. Sonner until the Plaintiff found her and contacted her. At the hearing, the Defendant conceded that it only talked to people who were still working at the Clinton Highway store "when the case came to us." Lowe's admittedly did not investigate by talking to everyone who was in the store or persons who were serving as "a manager," in the store at the

---

and/or employees with any of the parties witnesses at the time of the alleged accident or its aftermath after and identify in whose presence said conversations and statements occurred," [Doc. 20 at 28]; and Interrogatory No. 19 requested that the Defendant identify each employee on duty on the day of the accident, along with their job title and knowledge of the accident, [Doc. 20 at 29].

time of the accident.

This failure to complete even a cursory investigation in the face of numerous, legitimate discovery requests and after receiving Court orders admonishing the Defendant's to comply with its discovery obligations is unacceptable. The Court finds that the Plaintiff should be compensated for the labor and costs incurred in finding Ms. Sonner, because these costs were necessitated by the Defendant's failure to properly investigate the allegations of this suit.

Therefore, the Court **RECOMMENDS** that the Motion for Default Judgment **[Doc. 43]** be **GRANTED** to the extent that it requests monetary sanctions be awarded against the Defendant. Specifically, the Court recommends that the Defendant be required to pay all reasonable fees and expenses incurred in locating and deposing Ms. Sonner, including attorneys' fees, transcription costs, court reporter fees, and other costs.

The Court further **RECOMMENDS** that the District Judge grant counsel for the Plaintiff leave to file an affidavit and/or documentation evidencing the fees, expenses, and costs incurred, and grant counsel for the Defendant a reasonable time to object to the reasonableness of the fees and costs requested. Thereafter, the Court will determine the final dollar amount of the monetary sanctions.

The Court finds that no other sanctions are appropriate at this time, and the Court, therefore, **RECOMMENDS** that the Motion for Default Judgment **[Doc. 43]** be **DENIED** as to its requests for further relief. The Court, however, again admonishes the Defendant that any and all discovery obligations imposed upon it under the Federal Rules of Civil Procedure or the Orders of this Court must be complied with forthwith and in a timely fashion that neither hinders nor delays this case, which has been pending before this Court for over three years, from proceeding to trial as soon as

possible.

B.	**Defendant's Position at Trial**

At the hearing before the undersigned, counsel for the Defendant represented that the Defendant is in possession of no documents or witnesses that would refute the Plaintiff's version of how the accident at issue in this case transpired. Counsel stated that the Defendant will dispute only the Plaintiff's credibility.

Based upon the representation of counsel, the Court **RECOMMENDS** that the Defendant be barred from presenting evidence at the trial of this matter that would dispute the Plaintiff's version of how the accident occurred.

## IV. CONCLUSION

Accordingly, the undersigned **RECOMMENDS**[3] that the Plaintiff's Motion for Default Judgment **[Doc. 43]** be **GRANTED IN PART** and **DENIED IN PART**, to the extent stated above. Further, the undersigned **RECOMMENDS** that, based upon the representations of counsel, the Defendant be barred from presenting evidence disputing the Plaintiff's version of how the accident occurred, at the trial of this matter.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).