# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| SCOTTY LEE THOMAS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-CV-372 (Phillips) |
| LOWE'S HOME CTRS., INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On April 16, 2010, Plaintiff filed a Motion for Default Judgment, requesting that default judgment be entered against Defendant as a sanction for discovery abuse. [Plaintiff's Motion for Default Judgment, Doc. 43]. Alternatively, Plaintiff requested that he be awarded attorney's fees and costs incurred as a result of Defendant's discovery abuse. [Id.]. On November 30, 2010, the Court referred this motion to the Honorable H. Bruce Guyton, United States Magistrate Judge. [Order of Referral, Doc. 63]. On January 13, 2011, Judge Guyton heard oral argument regarding this motion. [Minute Entries for January 13, 2011 Hearing, Doc. 73].

On February 22, 2011, Judge Guyton entered a Report and Recommendation ("R&R") [Doc. 75] in which he recommended that Plaintiff's Motion for Default Judgment [Doc. 43] be granted in part and denied in part. This matter is now before the Court on the parties' timely objections to the R&R [Docs. 78, 79]. As required by 28 U.S.C. § 626(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the Court has reviewed *de novo* those portions of the R&R [Doc. 75] to which the parties object.

1

## I. Plaintiff Shall Be Awarded Attorney's Fees and Court Costs

Rule 37 of the Federal Rules of Civil Procedure empowers a court to, *inter alia*, dismiss a proceeding in whole or in part, render a default judgment against a disobedient party, establish facts for the purposes of the action, or order reasonable costs, expenses, and attorney's fees against a disobedient party. Fed. R. Civ. P. 37(b)-(c). Pursuant to Rule 37, the Court may award sanctions "[i]f a party fails to make a disclosure required by Rule 26(a) . . ." Fed. R. Civ. P. 37(a)(3)(A). In addition, the rule provides that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

In the R&R [Doc. 75], Judge Guyton found that Defendant failed to comply with its discovery obligations under Rule 26(a)(1)(A). [R&R, Doc. 75, at 5]. Rule 26(a)(1)(A) provides that parties must provide the name and contact information of "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Specifically, Judge Guyton found that Defendant failed to disclose Mary Ann Sonner ("Ms. Sonner"), a potential witness in this case. [Id.]. Ms. Sonner was a human resources manager for the Defendant, and was on-site during the alleged accident at issue in this case. [Id.]. Judge Guyton also found that beyond the initial failure to disclose, Defendant failed to disclose Ms. Sonner during "[n]umerous interrogatories . . . that should have yielded Ms. Sonner's name and contact information." [Id.]. As a sanction for Defendant's failure to disclose, Judge Guyton recommended that Defendant pay all reasonable fees and expenses incurred in locating and deposing Ms. Sonner, including attorney's fees, transcription costs, court reporter fees, and other costs. [Id., at 6].

In its objections to the R&R [Doc. 78], Defendant argues that sanctions are not appropriate.

Specifically, Defendant argues that it did not learn about Ms. Sonner until much later in the discovery process, and therefore was not required to make an initial disclosure. [Defendant's Objections to the R&R, Doc. 78, at 15]. Defendant argues that while it did not identify Ms. Sonner as a potential witness, it nonetheless conducted a reasonable investigation: "Lowe's took investigatory measures that were reasonable, it just did not go to the extent of calling each and every ex-employee in the store on the date of the accident. This would hold Lowe's to a virtual strict liability standard for failing to discover Ms. Sonner earlier." [Id., at 18]. Defendant's argument is without merit.

Contrary to Defendant's assertion, the Court is not holding Defendant to a strict liability standard for conducting discovery. While it is true that Defendant did not have to investigate each and every person who was serving as an employee at the store, Defendant was nevertheless required to conduct a reasonable investigation. Such investigation required Defendant to interview employees–like Ms. Sonner–who served in management positions at the time of the alleged accident, and were on-site. Defendant's discovery obligations are not just about information that it actually knew; Defendant is required to disclose information that it reasonably should have known. As explained by Judge Guyton, a reasonable investigation would have revealed Ms. Sonner as a potential witness. [R&R, Doc. 75, at 5-7]. Accordingly, for the reasons stated by Judge Guyton [Doc. 75], the Court finds that Defendant violated its discovery obligations when it failed–on repeated occasions–to identify Ms. Sonner as a potential witness.

Plaintiff also objects to the R&R [Doc. 79], arguing that additional sanctions are warranted. [Id.]. In support, Plaintiff recounts other alleged incidents involving discovery abuse. [Id.]. According to Plaintiff, there are "many grounds of obstruction by the Defendant that the Magistrate

3

Judge did not reference in his R&R and which the Plaintiff respectfully submits support more grave sanctions for Lowe's." [Id., at 2]. In particular, Plaintiff requests that default judgment be entered against Defendant, and that the Court award additional attorney's fees and costs. [Id.].

Having reviewed the R&R [Doc. 75] and Plaintiff's objections [Doc. 79], the Court does not find that additional sanctions are appropriate. While it is true that Judge Guyton did not mention every instance of discovery abuse in the R&R [Doc. 75], the Court finds that Judge Guyton considered the totality of Defendant's actions in recommending attorney's fees and court costs. Contrary to Plaintiff's assertion, default judgment is not appropriate under these circumstances. It is an extreme measure appropriate in only the most egregious cases.

Accordingly, the R&R [Doc. 75] is **ACCEPTED IN PART**, whereby the Court makes the following rulings:

- Defendant shall pay Plaintiff all reasonable attorney's fees and expenses incurred in locating and deposing Ms. Sonner, including attorney's fees, transcription costs, court reporter fees, and other costs.

- Plaintiff must provide documentation evidencing the fees, expenses, and costs incurred, associated with the discovery of Ms. Sonner.

- Plaintiff shall have up to and including **APRIL 8, 2011**, to provide such documentation.

- Defendant shall have fourteen days (14) from the filing of Plaintiff's documentation, to file objections to the reasonableness of the fees and costs requested. Thereafter, the Court will determine the final amount of the monetary sanctions.

## II. Defendant Is Not Barred from Refuting Plaintiff's Version of the Alleged Accident

As an additional sanction, Judge Guyton recommended that "Defendant be barred from presenting evidence at the trial of this matter that would dispute the Plaintiff's version of how the accident occurred." [R&R, Doc. 75, at 8]. In particular, Judge Guyton noted that during the hearing

4

on January 13, 2011, Defendant represented that it was "in possession of no documents or witnesses that would refute the Plaintiff's version of how the accident at issue in this case transpired." [Id.]. The Court does not agree, however, that such sanction is appropriate.

Such evidentiary exclusion would be premature in this case. Notably, because Plaintiff has not been deposed, it is unclear what "version of how the accident occurred" will be offered at trial. While Defendant admits that it has not found any reports that are contemporaneous with the alleged accident, it is premature to establish Plaintiff's version of the incident. In addition, the Court finds that monetary sanctions adequately punishes Defendant for the discovery abuse, and that no other sanction is needed. Accordingly, the R&R [Doc. 75] is **DENIED IN PART**, whereby Defendant is not barred from presenting evidence at trial that would dispute Plaintiff's version of how the alleged accident occurred.

### III. CONCLUSION

Based upon the foregoing, the R&R [Doc. 75] is **ACCEPTED IN PART AND DENIED IN PART,** and the parties' objections are **OVERRULED**. Accordingly, Plaintiff's Motion for Default Judgment [Doc. 43] is **DENIED IN PART AND GRANTED IN PART**. Since this case was filed on September 25, 2007, the majority of motions have related to discovery disputes. The parties are warned that future discovery abuse may result in more severe consequences.

**IT IS SO ORDERED**.

                **ENTER:**

                s/ Thomas W. Phillips
                United States District Judge