IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
AT KNOXVILLE

SCOTTY LEE THOMAS,　　　　　　　　　　)
　　plaintiff,　　　　　　　　　　　　　　　　　　)　　Case No. 3:07-cv-372
　　　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　　　) 　　Reeves/Carter
　　　　　　　　　　　　　　　　　　　　　　　　)
LOWE'S HOME CENTERS, INC.　　　　　　)
　　defendant.　　　　　　　　　　　　　　　　　)

REPORT and RECOMMENDATION

I. Introduction

Before the Court is Plaintiff Scotty Lee Thomas' ("Plaintiff") Revised Itemization of Fees and Costs [Doc. 93] and Defendant's Objections [Doc. 94]. Plaintiff's petition for fees and costs was referred to me by District Judge Thomas W. Phillips' Order finding Defendant was to pay Plaintiff all reasonable attorney's fees and expenses incurred in locating and deposing a single witness, including attorney's fees, transcription costs, court reporter fees and other costs [Doc. 110]. This matter is now ripe.

The Revised Itemization was filed on April 22, 2011, and asks for fees of $117,098.65. Attorney Loring E. Justice represented Plaintiff and had filed the fee petition on his behalf. Objection was filed asking that the Court decline to award a disproportionate amount of legal fees to Thomas pointing out that these fees bear no relationship to the narrow order of the Court for fees and costs incurred in locating and deposing one witness [Doc. 94].

On June 29, 2011, an Order to Stay was entered [Doc. 111] in this case. The case remained Stayed while a hearing was conducted to address allegations of violations of the rules of professional conduct related to the instant fee petition filed by Attorney Justice on behalf of Plaintiff [*In re: Loring E. Justice*, No. 1:11-mc-3 (E.D.Tenn) ]. In that proceeding conducted by

Judge Curtis L. Collier, the Court found some of the fee entries to be false and inflated [No. 1:11-mc-3, Doc. 38, slip op. at 56 (E.D. Tenn. June 25, 2012)].

On June 19, 2014, United States District Judge Pamela L. Reeves conducted a status conference in the instant case. At the hearing the Stay was lifted, and the Court addressed the pending fee petition stating, "if Mr. Justice intends to move forward with a fee petition, then he probably needs to file an amended or a supplemental or some sort of fee petition that will give Magistrate Judge Carter something to actually start working on." Counsel for Plaintiff, Chad Rickman, noted "[w]ell, if that occurs at this point, I'd anticipate it'd be me who would do that."

## II. Analysis

In this case, Plaintiff was ordered to provide documentation evidencing the fees, expenses and costs incurred associated with the discovery of a single witness. Plaintiff's Revised Itemization of Fees and Expenses [Doc. 93] is completely out of proportion to the time that would reasonably be expended for locating and deposing one witness. This Court has found in a separate proceeding that portions of the fees are not supported. I conclude the burden is on Plaintiff to set out the specific fees, expenses and costs that relate to this issue only. I agree with the Defendant that the fees requested related to Plaintiff's general discovery practice.

At the status conference, Plaintiff was told by Judge Reeves that if he wanted to move forward on this fee petition, an amended or supplemental petition should be filed. None has been filed. I conclude there is no way for the Court to discern what entries in this fee petition specifically relate to locating and deposing the witness. It was Plaintiff's burden to provide the documentation evidencing those fees, expenses and costs. I conclude Plaintiff has not met that burden.

### III. Conclusion

For the reasons stated, I RECOMMEND that no fees, expenses or costs be granted.[1]

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).