UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

Scotty Lee Thomas, )
)
    *Plaintiff*, )
)
v. ) Case No.: 3:07-CV-372-PLR-WBC
)
Lowe's Home Centers, Inc. )
)
    *Defendant*. )

### **Memorandum and Order**

On March 15, 2011, after finding the defendant guilty of discovery abuses, the Court ordered the defendant to pay the plaintiff's reasonable costs and expenses associated with locating and deposing a particular witness in this personal injury case. [R. 81]. On April 22, 2011, through counsel Loring Justice, the plaintiff filed a Revised Itemization of Fees and Costs for $117,098.65. [R. 93]. The defendant objected, contending the fees sought by the plaintiff bore little relationship to the narrow scope of the Court's order. [R. 94].

This case was stayed on June 29, 2011, [R. 111], while a proceeding was conducted to address allegations of violations of the rules of professional conduct related to the fee petition filed by Attorney Loring Justice on behalf of the plaintiff in this case. [*In re: Loring E. Justice*, No. 1:11-mc-3 (E.D. Tenn.)]. In that proceeding, Judge Curtis Collier found at least some of the fee entries to be false and inflated. [*In re: Loring E. Justice*, No. 1:11-mc-3., R. 38, at p. 56]. This finding was upheld by the Sixth Circuit. *In re Justice*, 525 Fed. App'x. 291 (6th Cir. 2013). Due to Mr. Justice's violation of the rules of professional conduct, he was suspended from the bar of the Eastern District of Tennessee for a period of six months, commencing February 24, 2014. [*In re: Loring E. Justice*, No. 1:11-mc-3., R. 70.]

On June 19, 2014, this Court conducted a status conference and lifted the stay. The Court also addressed the fee petition by instructing the plaintiff's counsel to file an amended or supplemental fee petition if he still wished to pursue the fees. The plaintiff did not do so.

Magistrate Judge Carter reviewed the plaintiff's original Revised Itemization of Fees and Expenses, [R. 93], and concluded it was completely out of proportion to the time that would reasonably be expended in locating and deposing one witness. [R. 121, p. 2]. Moreover, Judge Carter noted that the plaintiff's attorney was disciplined for violations of the rules of professional conduct for false entries in the very fee petition for which the plaintiff now seeks to be paid.

After noting that the burden is on the plaintiff to set out the specific fees, expenses, and costs relating to locating and deposing the single witness, Judge Carter recommended that no fees, expenses, or costs be awarded because the plaintiff did not provide any way for the Court to discern what entries in the fee petition specifically related to locating and deposing the witness. *Id.*

On August 11, 2014, the plaintiff objected to Magistrate Judge Carter's Report and Recommendation. [R. 123]. The plaintiff's objection focuses almost entirely on the defendant's discovery abuses and argues the defendant should not be relieved of its burden to pay for the costs and fees resulting from those abuses. However, toward the end, the plaintiff notes that, in the defendant's objection to the plaintiff's fee petition, [R. 94], the defendant "conceded Plaintiff's attorney fees of $7,832.00 and expenses of $1,233.76 were related to locating and deposing [the witness]." Accordingly, the plaintiff contends it should at least be awarded these amounts.

Finally, in what the Court can only conclude is a feeble and misguided attempt to appear reasonable, the plaintiff withdrew his claim for mileage expenses of $268.05 associated with a

2

meeting between plaintiff's counsel and witnesses in Alabama on July 25, 2009, leaving this Court with a claim of $116,830.60 with no supporting documentation or explanation of which fees are legitimate.

As required by 28 U.S.C. § 636(b)(1), the Court reviews the portions of the Report and Recommendation to which the plaintiff objects *de novo*. The Court is in complete agreement with the Magistrate Judge's analysis of the legal issues, and the plaintiff's objections will be overruled. The Report and Recommendation will be accepted in whole, and the underlying fee petition will be denied.

As an initial matter, the Court will not consider the plaintiff's arguments regarding the justice of allowing the defendant to avoid obligations to pay the plaintiff's fees and expenses. These arguments do not respond to the Report and Recommendation, and are irrelevant to deciding what, if any, portions of the plaintiff's fee petition are reasonable.[1]

The plaintiff contends the defendant conceded that $7,832.00 in attorney fees and $1,233.76 in expenses were related to locating and deposing the witness; however, this argument is misleading. The defendant did state that these entries were *arguably* related to locating and deposing the witness, but the defendant went on to argue that even these fees were unreasonable.

Judge Collier made clear in in his opinion from Mr. Justice's disciplinary hearing that it would be necessary for the plaintiff to produce documentary evidence supporting each time entry. [*In re: Loring E. Justice*, No. 1:11-mc-3., R. 38, at p. 2]. The plaintiff has not provided any documentation evidencing his fees and expenses beyond the original fee petition, and the plaintiff has made no effort whatsoever to submit a new or revised fee petition not infected with false entries. The Court will not pick through Mr. Justice's $117,098.65 fee petition to

---

[1] The Court finds it highly ironic that the plaintiff contends "justice would not be served if Defendant were to avoid any obligation to pay Plaintiff any fees, expenses and costs incurred due to Defendant's discovery abuse" when the fee petition submitted by the plaintiff has been found to include false and inflated entries.

determine which entries were false or inflated.  The burden was on the plaintiff, and that burden was not met.

Because the plaintiff has failed to file a revised fee petition free of false or inflated entries, and the plaintiff has failed to indicate which specific entries in the original fee petition *actually* relate to locating and deposing the witness, no fees, expenses, or costs will be granted. Accordingly, the Court **Accepts in Whole** the Report and Recommendation, [R. 121], under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).  The plaintiff's objection, [Doc. 123], is overruled. For the reasons stated in the Report and Recommendation, which the Court adopts and incorporates into this ruling, the plaintiff's motion for attorney fees, costs, and expenses, [R. 93], is **Denied**.

**It is so ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**

4